# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Allen Rundhaug, | ) No. CV11-770-TUC-FRZ |
| Petitioner, | ) **ORDER** |
| vs. | ) |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |

Before the Court for consideration is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Patrick Allen Rundhaug, *pro se*, and the Report and Recommendation of the Magistrate Judge, recommending the Court, after an independent review or the record, dismiss the Petition with prejudice.

Petitioner was indicted in Pima County Superior Court in September 1999 on 17 felony counts of theft, criminal impersonation, forgery, and fraudulent scheme and artifice. Following his plea of guilt to fraudulent scheme and artifice and theft, class 2 and class 5 felonies respectively, the trial court sentenced him to a seven-year term of probation and ordered him to pay restitution.

Then in 2000, Petitioner was charged in three separate cases with various counts. Pursuant to a subsequent plea agreement, Petitioner pled guilty to "super" fraudulent scheme and artifice and sentenced to a partially aggravated prison term of six years. The trial court ordered that the probation term imposed in the be previous case be tolled while Petitioner served the six year term of imprisonment.

On appeal however, the Arizona Court of Appeals found that the trial lacked jurisdiction to toll the sentence term of probation, thereby vacating the order.

Petitioner filed the present Petition for Writ of Habeas Corpus on November, 30, 2011. The Petition raises 24 grounds for relief, as set forth in the Court's initial screening order (Doc. 5) and discussed in the Report and Recommendation (Doc. 25).

This matter was referred to Magistrate Judge Jacqueline M. Rateau, pursuant to the provisions of 28 U.S.C. § 636(b), Rule 72, Fed.R.Civ.P., and Local Rules 72.1 and 72.2 of the Rules of Practice of the United States District Court for the District of Arizona, for further proceedings and Report and Recommendation.

Magistrate Judge Rateau issued her Report and Recommendation, recommending that the District Court dismiss the Petition for Writ of Habeas Corpus, setting forth a thorough factual and procedural history and analysis of the legal standards regarding timeliness and procedural default under the relevant provisions of the Antiterrorism and Effective Death Penalty Act of 1996 and a legal analysis on the merits of Grounds Four, Eight, Nine, Twelve and Sixteen.

Petitioner filed an Objection to Report and Recommendation (Doc. 26), challenging the Magistrate Judge's procedural findings and legal conclusions on Grounds Four, Eight, Ten, Eleven, Twelve and Sixteen.

The Court finds, after consideration of all the matters presented and an independent review of the record herein, including the issues raised by the Petitioner in his objection, that the Petition for a Writ of Habeas Corpus shall be denied and this action shall be dismissed in accordance with the Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 25) is hereby ACCEPTED AND ADOPTED as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is DENIED and this action is hereby DISMISSED;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, if Petitioner appeals the denial of his petition for habeas relief, any request for certificate of appealability shall be denied based on the Court's determination of the claims presented, and based on the Court's finding that Petitioner has failed to make the requisite substantial showing of a denial of a constitutional right on the grounds presented. See 28. U.S.C. § 2253(c).[1]

DATED this 8th day of July, 2014.

_____
Frank R. Zapata
**Senior United States District Judge**

---

[1] The Court "may issue a COA for any issue with respect to which petitioner makes a "substantial showing of the denial of a constitutional right." *Jennings v. Woodford*, 290 F.3d. 1006, 1010 (9th Cir. 2002)(citing 28 U.S.C. § 2253(c)(2)). The standard permits an appeal where the petitioner can "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further." *Id.* (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383 (1983)).